UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO D. WOODLEY, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV413-167<br>CR408-315 |

## REPORT AND RECOMMENDATION

Antonio D. Woodley moves for 28 U.S.C. § 2255 relief. CR408-315, doc. 1451.[1] Upon preliminary review under Rule 4(b) of the Rules governing 28 U.S.C. § 2255 proceedings, all of his claims must be denied outright. Woodley unsuccessfully represented himself at trial on drug and conspiracy charges.[2] With the assistance of counsel, he lost on appeal. Doc. 1394. His § 2255 motion conclusorily raises a variety of

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] He was indicted for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841 and 846, doc. 1249 at 4, and for unlawful use of a telephone to facilitate a felony drug-distribution conspiracy, in violation of 21 U.S.C. § 843(b). *Id.* at 7. The jury convicted him on both counts, doc. 1302 at 93, and the Court sentenced him, as a career offender, to 210 months. Doc. 1299 at 3.

claims, and purports to support them with "affidavits" that simply rehash his factually unsupported arguments. Doc. 1451 at 4-22.

As this Court explained *Newsome v. Danforth*, 2013 WL 3047780 (S.D. Ga. June 17, 2013), those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Id.* at * 1 (citing *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)). Indeed,

> [t]he § 2254 Rules and the [28 U.S.C.] § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a). Coupled with the form petition or motion, the federal rules give the petitioner or movant ample notice of this difference. If, for example, Rule 2(c)(1) and (2) of the § 2254 Rules should cause a petitioner (or his counsel) to doubt what the words "specify all grounds" and "state the facts supporting each ground" mean, the CAUTION contained in paragraph (9) of the "Instructions" should remove such doubt. As the Supreme Court has observed, "[h]abeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c)." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).
>
> The reason for the heightened pleading requirement -- fact pleading -- is obvious. Unlike a plaintiff pleading a case under Rule

2

8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (footnote omitted).

That means that Woodley must not just raise, but *argue* his claims. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by parties."); *id.* at 1285 (a district court "may *not*, however, act as a plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation."); *Lee v. Thomas*, 2012 WL 1965608 at *55 (S.D. Ala. May 30, 2012) ("This Court is constrained not to fill in those blanks or develop petitioner's legal theories for him."). That includes citation to the trial court records:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy

3

caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval County School Board*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

*Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

It thus remains Woodley's burden to plead and prove his claims, including citation to the trial record. He must plead and ultimately show, for example, that the district and appeal courts erred in handling the claims presented here, and also *why* those rulings support relief within § 2255's parameters.[3]

Woodley's first ground ("Indictment was fatally deficient" because it bore open-ended terms: "open-ended conspiracy," etc.) therefore fails

---

[3] A § 2255 motion is not a substitute for direct appeal, which means the grounds that can be raised within it are limited. A prisoner is entitled to § 2255 relief if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Nickson*, 2013 WL 2460724 at *1 (11th Cir. June 7, 2013); *Morris v. United States*, 2013 WL 1602741 at * 1 (11th Cir. Apr. 16, 2013).

on its face.[4]  Doc. 1451 at 4.  Ground Two similarly fails: "Appellate counsel was ineffective.  Appellate counsel failed to raise defective indictment." *Id.* at 5.  The same must be said for Ground Three: "Abuse of discretion by [sentencing] judge; "judge found co-defendant to be in fugitive status, while gov. did not present any evidence that co-defendant was a fugitive." *Id.* at 7.

Ground Four, where Woodley argues that the sentencing judge enhanced his sentence in violation of the Sixth Amendment, is different. Doc. 1451 at 7.  Here he seeks to retroactively apply *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013) (Sixth Amendment right to jury trial applies when finding of fact both alters legally prescribed sentencing range and does so in way that aggravates the penalty, as distinct from factfinding used to guide judicial discretion in selecting punishment that is within limits fixed by law).[5]  He argues that the jury

---

[4]  Woodley's "Affidavit of Claim" simply provides an expanded list of conclusory statements; it does not cite to the record, much less any legal standards or case law, showing why this ground has any legs to it. Doc. 1451 at 14-15.

[5]  A jury convicted Alleyne of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  133 S. Ct. at 2156.  That subjected him to a mandatory minimum five years' incarceration. *Id.*  But the jury's verdict form did not indicate a finding that Alleyne had "brandished" the firearm. *Id.*  Over his objection at sentencing, the judge found that he had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute. *Id.*  Under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a

5

found him responsible for less than 500 grams of cocaine, but the district judge, by adopting the Presentence Investigation Report (PSI), sentenced him to more than 500 grams, though less than two kilograms. Doc. 1451 at 8.

The record shows that the jury was asked if it found beyond a reasonable doubt that Woodley's Count 1 (conspiracy) offense involved "[l]ess than 500 grams" of cocaine hydrochloride. It checked "Yes." Doc. 1255 at 1-2; *see also* doc. 1302 at 93. In contrast, the PSI found that it involved *at least* 500 grams but less than 2 kilograms (hence, *more* than 500 grams). PSI at 13 ¶ 14; *id.* at 14 ¶ 25. The district judge adopted the PSI's findings, doc. 1303 at 5, then sentenced Woodley on that (more than 500 grams) basis. *Id.* at 6, 7-8.

---

sentencing factor, that court reasoned, so it could find that without violating Alleyne's Sixth Amendment right to a jury trial. *Id.*

    The court of appeals affirmed, but Alleyne argued to the Supreme Court that *Harris* could not be reconciled with the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any fact that increase the prescribed maximum sentence constitutes an element of the crime which must be proved to a jury. *Alleyne*, 133 S.Ct. at 2158. Overruling *Harris*, the *Alleyne* Court agreed, and held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," so that must be found by a jury. *Id.* at 2163-64.

Resolving *Alleyne* on direct, rather than collateral, review, the *Alleyne* Court never said that its new rule applies retroactively on collateral attack. For that matter,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir.2002) (*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

*Simpson v. United States*, ___ F. 3d ___, 2013 WL 3455876 at * 1 (7th Cir. July 10, 2013).

Woodley's fourth ground therefore fails. Hence, his § 2255 motion (doc. 1451) must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an

7

appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 12th day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA